UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALEXIUS A. DYER III,

   Plaintiff,

v.                                                          Case No.:  3:23-cv-1416-DNF

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.

# OPINION AND ORDER

Plaintiff Alexius A. Dyer III seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the administrative law judge, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are

reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on October 22, 2020, alleging disability beginning July 1, 2018. (Tr. 57, 168-69). The application was denied initially and on reconsideration. (Tr. 57, 763). Plaintiff

requested a hearing and on March 7, 2023, a hearing was held before Administrative Law Judge Richard Furcolo ("ALJ"). (Tr. 33-56). On March 28, 2023, the ALJ entered a decision finding Plaintiff had not been disabled from July 1, 2018, the alleged onset date, through June 30, 2022, the date last insured. (Tr. 18-27). On October 5, 2023, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). Plaintiff began this action by Complaint (Doc. 1) filed on December 4, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through June 30, 2022. (Tr. 20). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from the alleged onset date of July 1, 2018, through the date last insured of June 30, 2022. (Tr. 20). At step two, the ALJ found that Plaintiff had the following severe impairments: "abnormalities of major joints and recurrent arrhythmias." (Tr. 20). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. 21).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire hearing record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 [C.F.R. §] 404.1567(c) except: frequently stoop, kneel, crouch and crawl; frequently climb stairs; occasionally climb ladders; should avoid concentrated exposure to vibration.

(Tr. 22).

At step four, the ALJ determined that Plaintiff was capable of performing his past relevant work as an aircraft sales representative. (Tr. 26). The ALJ found that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 26). The ALJ concluded that Plaintiff had not been under a disability from July 1, 2018, the alleged onset date, through June 30, 2022, the date last insured. (Tr. 27).

## II.   Analysis

On appeal, Plaintiff challenges the ALJ's decision not to include mental limitations in the RFC assessment. (Doc. 8, p. 4). Plaintiff contends that at step two of the sequential evaluation, the ALJ found that Plaintiff had no more than mild limitations in any of the four broad functional areas of mental functioning, known as to "paragraph B" criteria. (Doc. 8, p. 6-7). These areas include an individual's ability to: (1) understand, remember, or apply information; (2) interact with others;

(3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. (Doc. 8, p. 6-7). While the ALJ found Plaintiff had no more than mild limitations in these areas, Plaintiff argues the ALJ improperly failed to include any limitations in the RFC assessment for these mild limitations. (Doc. 8, p. 7).

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

At step two of the decision, the ALJ found that Plaintiff's medically determinable mental impairment of an anxiety disorder did not cause more than minimal limitations in his ability to perform basic mental work activities and was therefore non-severe. (Tr. 21). The ALJ also found that in the four broad functional areas, Plaintiff had no more than mild limitations. (Tr. 21). The ALJ supported this

finding by noting that the record documents minimal evidence of mental health treatment and does not support the presence of a mental impairment of such a level as to cause significant functional limitations in any of these broad functional areas. (Tr. 21). He cited a May 2022 State agency medical consultant's report that demonstrated Plaintiff's alleged mental health impairments were not severe. (Tr. 21). The ALJ then concluded:

> Because the claimant's medically determinable mental impairment caused no more than "mild" limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, it is nonsevere (20 CFR 404.1520a(d)(1)).

(Tr. 21).

Plaintiff does not dispute that he had no more than mild mental impairments. (Doc. 10, p. 3). Instead, Plaintiff argues that the ALJ was required to include limitations in the RFC assessment for these mild mental impairments, which he did not. (Doc. 8, p. 7-9). Plaintiff claims that the ALJ did not provide sufficient reasons for a reviewing court to determine whether the proper legal analysis was conducted, relying on *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1251 (11th Cir. 2019). (Doc. 8, p. 10-11). *Schink* is easily distinguishable from this case.

In *Schink* – while using superseded regulations – the Court held that the administrative law judge improperly rejected the opinions of two treating physicians without good cause. *Id.* at 1264. The Court also found substantial evidence did not

support the administrative law judge's finding that the plaintiff's mental impairments were non-severe. *Id.* at 1268. Finally, the Court found that the administrative law judge erred in the RFC assessment by discussing only the plaintiff's physical impairments and not his mental impairments, and erroneously omitting any limitations for Plaintiff's mental impairments. *Id.* at 1269.

In support, Plaintiff also cites cases that find when an ALJ determines a plaintiff has mild limitations in some or all of the four broad functional areas, then the ALJ must include an analysis at step four of Plaintiff's mental impairments and how they affect the RFC, if at all. *See Roberson v. Kijakazi*, No. 8:20-cv-167-CPT, 2021 WL 9036513, at *4 (M.D. Fla. Sept. 30, 2021) ("Despite specifically noting in the above passage that his Paragraph B findings at step two were not a substitute for the more detailed mental RFC assessment required at step four, the ALJ's subsequent step-four discussion regarding the Plaintiff's RFC contains no analysis of the Plaintiff's mental impairments."); *Mitchell v. Comm'r of Soc. Sec.*, No. 2:20-cv-236-NPM, 2021 WL 4305088, at *6 (M.D. Fla. Sept. 22, 2021) (Remand was warranted because "[t]he ALJ did not discuss whether Mitchell's mild limitations in all four areas of mental functioning also limited his RFC."). These cases are similar to the case here in that the ALJs found that the plaintiffs had mild limitations at step two of the sequential evaluation. At the same time and unlike the case here, the ALJs in both cases failed to discuss Plaintiff's mental impairment at step four.

In the step four analysis here, the ALJ noted that Plaintiff testified he tried to stay calm and avoid anxiety. (Tr., 23). The ALJ also noted that in May 2019, Graciela Diez-Hoeck, M.D. completed a physician's statement for Northwest Mutual that included a diagnosis of among other things, anxiety. (Tr. 23). In May 2020, the ALJ noted records showed that Plaintiff was anxious about his symptoms concerning his heart. (Tr. 23). And at a May 2022 consultative physical exam, Plaintiff reported a history of anxiety and the examiner diagnosed Plaintiff with anxiety. (Tr. 24). The ALJ also noted that even with this diagnosis, the consultative examiner assessed no mental limitations. (Tr. 25; 1523).

In the decision, the ALJ noted the diagnoses of anxiety and Plaintiff has not shown that these medical records contain limitations associated with this diagnosis. Plaintiff also does not dispute that there is minimal evidence of mental health treatment. Moreover, in finding at most mild impairments, other courts have found that an ALJ is not required to include any mental limitations in the RFC. *See Faircloth v. Comm'r of Soc. Sec.*, No. 6:21-cv-782-EJK, 2022 WL 2901218, at *2 (M.D. Fla. July 22, 2022) ("Notably, an ALJ is not required to include mental limitations in the RFC finding merely because he identified mild mental limitations in the PRT criteria.") (citing *Williams v. Soc. Sec. Admin.*, 661 F. App'x 977, 979-80 (11th Cir. 2016) (per curiam)). Here, at step four, the ALJ considered all of

Plaintiff's impairments, including any mental impairments, in assessing Plaintiff's RFC. For these reasons, substantial evidence supports the ALJ's RFC assessment.

Plaintiff also argues that any mild mental limitations would prevent him from returning to his past relevant work as an aircraft salesman because it is a highly detailed job. This argument lacks merit. As stated above, the ALJ must consider all of Plaintiff's impairments, whether severe or non-severe, when assessing the RFC. In this case, the ALJ considered Plaintiff's non-severe mental impairments when assessing the RFC and found these impairments caused no functional work limitations. The ALJ then properly determined that even with the limitations in the RFC, Plaintiff could perform his past relevant work, and confirmed this finding with the vocational expert at the hearing. (Tr. 52-53).

Plaintiff cites State Agency psychological consultant, Dr. Sanchez's opinion confirming that Plaintiff has mild impairments. (Doc. 8, p. 10). While true, Dr. Sanchez also found Plaintiff had generally no limitations based on these impairments:

> Mild limitations are noted and the undersigned agrees with that assessment based on the medical evidence that supports that conclusion (e.g., signs, lab findings, etc.). Overall, the established MDIs [medically determinable impairments] appear mildly limiting and the entirety of the case record most closely aligns with the conclusion that clmt [claimant] remains sufficiently capable of executing basic, routine activities of daily living independently, interacting/communicating with others appropriately, and sustaining a level of concentration/persistence sufficient for completing ordinary life tasks. There are no psych hospitalizations or episodes of

> decompensation nor are there any ER visits secondary to anxiety. The totality of evidence does not substantiate that this claimant has a mental impairment that will meet or equal a listing at this time. Mental impairment is not severe.

(Tr. 68). Thus, Dr. Sanchez's findings support the ALJ's RFC assessment. Substantial evidence supports the ALJ's RFC assessment and there is no error.

## III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 28, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties